BLOTCKY BROTHERS v. CAPLAN & NATHAN, Defendants;
LEVINSTON BROTHERS, Interveners, Appellants.

Pleading: Commingling Goods by Fraudulent Buyer. Where, in an attachment suit, it transpires that a fraudulent buyer has mingled goods of his own with others claimed to have been purchased, and all parties claim the whole stock, neither asking relief as to part of it, the whole stock may be sold under the attachment.

Practice: Instructions: Burden of Proof. It is proper to charge that a party pleading a material fact in issue must prove it, though there be no dispute, in proof, about that fact.

SAME: CREDIBILITY OF WITNESS. It is proper to charge that if a witness has made material statements at variance with his testimony, the jury may disregard all his testimony which is not credibly corroborated.

Evidence: Admission in Pleading: Error without Prejudice: OBJECTIONS. Where the giving of a notice is admitted in the pleadings, the admission of such notice in evidence is not prejudicial. That a copy was admitted, may not be urged, here, in the absence of objection that the paper offered was not the best evidence, though it is objected to as being incompetent, immaterial and irrelevant.

DEEMER, J., took no part.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

WEDNESDAY, MAY 23, 1894.

PLAINTIFFS brought this action at law, aided by attachment, to recover from the defendants, Caplan & Nathan, for goods sold and delivered. The attachment was levied upon a certain stock of merchandise, as the property of the defendants. Levinston Brothers intervened, claiming to own the merchandise seized under the attachment. They alleged that they purchased and took possession of the stock of merchandise formerly owned by Caplan & Nathan on the twenty-eighth day of May, 1891, and on the same day, added to said stock, merchandise of their own, of the value of six hundred and seventy dollars, and that all of said goods

were taken from them, under the attachment, on the —— day of ——, 1891. They also alleged service of notice of ownership. Plaintiffs, in answer to said petition of intervention, admit the levy, that the goods had been sold for one thousand, five hundred and forty-five dollars, and that notice of ownership had been served by interveners. They deny every other allegation of said petition, and aver that, if interveners ever had possession of said goods, it was under an agreement with defendants, for the sole purpose of hindering and delaying the defendants' creditors, and for the purpose of defrauding the plaintiffs, and other creditors of defendants; that, if any agreement of purchase and sale was made between interveners and defendants, the same was the result of a secret conspiracy on their part to place the goods beyond the reach of this plaintiff and other creditors of defendants. The merchandise was sold under the attachment, as perishable, and the proceeds held to await the result of this litigation. The case was tried to a jury, and a verdict and judgment had for the plaintiffs. Interveners appeal.—*Affirmed.*

*Fremont Benjamin* for appellants.

*Byers & Lockwood* and *Frank Shinn* for appellees.

GIVEN, J.—I. On the trial, plaintiffs offered in evidence exhibit number twenty-four, being a notice of ownership from interveners to the sheriff. Appellants objected, "for the reason that the same is incompetent, irrelevant, and immaterial, for that the same is admitted in the pleadings." It is now insisted that the court erred in overruling the objection, because the paper offered was only a copy. The objection was not upon that ground, but upon the ground that it was admitted in the pleading, and therefore incompetent, irrelevant, and immaterial. The

giving of this notice was admitted in the pleading. Therefore, there could be no prejudice in admitting it in evidence.

II. At the conclusion of the testimony, interveners moved for a verdict upon the ground that there was no evidence upon which the jury could find for the plaintiff. This motion was overruled, and the ruling assigned as error. It is not required that we should, here, discuss the evidence bearing upon this question. We have examined it with care, and reach the conclusion that, under it, the motion was properly overruled and the case allowed to go to the jury. We are also of the opinion that there was no error in overruling appellants' motion for a new trial upon the ground that the verdict is not sustained by the evidence.

III. Appellants complain of the second, third, fourth, ninth, and tenth paragraphs of the charge to the jury. It is contended that there was no dispute in the evidence, but that interveners had purchased and taken possession of the goods prior to the levy, and that, therefore, the court erred in instructing, in the second paragraph, that, before interveners could recover, they must show that they purchased and took possession of the goods before the levy. Whether they did so purchase and take possession was in issue, and, even though there was no dispute in the evidence, there was no error in the instruction. In the third paragraph, the court correctly stated the law as to voluntary conveyances made without consideration. Appellants contend that the evidence shows, without controversy, that this sale was absolute, and for value; therefore, it was error to so instruct. It was a question in the case whether the alleged sale was for value. Therefore, the instruction was proper. The fourth paragraph was also properly given, wherein the court instructed that if the conveyance of the goods was with the design on

the part of the seller, participated in by the purchaser, to hinder, delay, or defraud creditors, it would be fraudulent and void. Appellants' complaint is based upon the assumption that there was no evidence of fraud on their part—an assumption that is not warranted by the evidence.

IV. Appellants contend with great confidence that the ninth paragraph of the charge, which is as follows, is erroneous: "(9) If any witness in the case has at another time and place made statements, material to the issues in this case, at variance with his testimony while on the witness stand, before you, then you are at liberty to disregard the whole of such witness' testimony, except in so far as he is corroborated by other credible evidence." "The credit of a witness may also be impeached by proof that he has made statements out of court contrary to what he has testified at the trial. But it is only in such matters as are relevant to the issue that the witness can be contradicted." Greenleaf on Evidence, section 462. Surely, if the discrepancies in the statements of a witness were of such a character as to satisfy the jury that he was unworthy of belief, they were at liberty to disregard the whole of his testimony, except as corroborated by other witnesses. This rule is kindred to that which authorizes a jury to disregard all the testimony of a witness who knowingly testified falsely as to one or more material matters.

V. The tenth paragraph of the charge is as follows: "(10) If you find the alleged conveyance from defendants to interveners fraudulent, under the foregoing instructions, then plaintiffs will be entitled to your verdict for the fund in question; and this without reference to the fact that you may find that they added to the goods by merchandise from their own stock at Omaha." Appellants complain that this denied them the right to recover for the goods

which they had added to the stock purchased from the defendants. This paragraph, taken in connection with the others—especially the second—is correct. Interveners asked to recover for the entire stock taken and sold under the attachment, and not for any part thereof. What goods they did put into the stock were so mingled therewith that they could not be, or at least were not, identified from the Caplan & Nathan goods.

6      We think, under the pleadings, this instruction was correct, as both parties were claiming the entire stock, and neither asking any relief as to any part thereof. Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.

DEEMER, J., took no part.