[Civil No. 2081. Filed March 31, 1923.]

[213 Pac. 692.]

FIRST NATIONAL BANK OF CLIFTON, a Corporation, Appellant, v. BERNARDINO PEREZ, Appellee.

1. JURY—QUESTIONS ASKED JUROR ON VOIR DIRE NOT ERROR.—In an action for recovery of a bank deposit, where plaintiff alleged payment to a stranger on forged indorsement, and defendant bank, answering, alleged payment on genuine indorsement of plaintiff in due course of business and without notice of defect in title of holder, it was not error to permit, on the examination of the jurors upon their *voir dire*, the question, "If the court should

See 4 C. J., p. 968; 24 Cyc. 346.

instruct you that on certain issues the burden is on the defend-
ant, would you then require the defendant to prove those issues
by a preponderance of the evidence?" where the court carefully
instructed the jury that the burden of proof was upon plaintiff
to the end of the trial, but that the defendant must assume the
burden of proving any affirmative defense by way of confession
or avoidance.

2. APPEAL AND ERROR — IMPROPER CROSS-EXAMINATION, REFLECTING
ON CREDIBILITY OF WITNESS, NOT PREJUDICIAL, WHERE DEPOSITION
OF WITNESS ITSELF DISCLOSES MORE SERIOUS IMPEACHMENT
MATTER.—In an action for recovery of a bank deposit alleged
to have been paid to another on the forged indorsement of plain-
tiff's name, where defendant bank placed the sheriff on the stand
to show that such other person was without the limits of the
county, in order to render admissible his deposition, error in per-
mitting plaintiff on cross-examination of the sheriff to show that
such other person had been in jail for burglary and had some
other mix-up, and that stolen goods had been found in his house,
was not prejudicial, where such person's deposition disclosed that
he had been confined in jail for burglary and had been arrested
for larceny,' and contained the admission that he had sworn
falsely at his preliminary hearing, since the deposition itself
placed him in a more unfavorable light regarding his credibility
than the testimony elicited on the improper cross-examination.

APPEAL from a judgment of the Superior Court
of the County of Greenlee. W. R. Chambers, Judge.
Affirmed.

Mr. L. Kearney, for Appellant.

Mr. A. R. Lynch, for Appellee.

McALISTER, C. J.—On February 12, 1919, Ber-
nardino Perez deposited $600 with the First National
Bank of Clifton, and was given as evidence of his
deposit a certificate due six months thereafter, bear-
ing four per cent interest, and payable to the order
of himself, properly indorsed. On November 1, 1919,
one Celestino Gomez presented to the bank this cer-
tificate, indorsed "Bernardino Perez" requesting its
payment, and the amount called for therein—$600
principal and $12 interest—was paid to him, but no

part of it, according to Perez, was turned over to him, so he brought suit against the bank for the full amount due on the certificate, alleging that Gomez wrongfully secured possession of it, and, unknown to him, presented it to the bank for payment, that said payment was made upon a forged indorsement upon it by Gomez of the name of this plaintiff, and that at the time said payment was made the bank knew plaintiff's signature, that the one appearing thereon was forged, and that Gomez was not the lawful holder of said certificate of deposit.

The answer alleges that the name "Bernardino Perez," indorsed on the certificate of deposit, is the genuine name of plaintiff, and was placed there by him in his own handwriting, and that after it was so placed he, through some act or omission on his part, permitted or suffered said certificate to go out of his possession, and in some manner unknown to defendant to fall into the hands of Celestino Gomez, who with the signature of plaintiff on the back thereof presented it to the bank, which in due course of business, without any notice of defect of title in him, paid it in full.

The jury returned a verdict for plaintiff for the full amount asked for, and from the judgment entered thereon and the order denying its motion for a new trial, defendant appeals.

In examining a juror upon his *voir dire,* the attorney for appellee asked this question:

"If the court should instruct you that on certain issues the burden is upon the defendant, would you then require the defendant to prove those issues by a preponderance of the evidence?"

This was objected to upon the ground that the burden of proof in this case was on the plaintiff all the way through, but in overruling this objection the court stated that defensive issues might arise upon

which the burden might shift to the defendant. Both the ruling and this statement of the court in the presence of the jury are assigned as error. There is, however, no just ground for complaint, because the court also stated at the same time that—

"The burden was on the plaintiff to establish the material allegations of his complaint by a preponderance of the evidence,"

and this burden never shifts during the course of the trial, but remains with him to the end. This fact, however, does not relieve a defendant from the necessity of assuming the burden on any affirmative defense he has pleaded by way of confession and avoidance, because it is the duty of one who asserts facts giving rise to such an issue to maintain them. *Southwest Cotton Co.* v. *Ryan,* 22 Ariz. 520, 199 Pac. 124. The defendant had pleaded certain affirmative defenses, which made both the ruling of the court and the statement of the reasons for it proper.

The deposition of Celestino Gomez had been taken, and for the purpose of laying a foundation for its introduction in evidence appellant placed the sheriff on the stand to show that Gomez was then without the limits of the county, and over its objection he was permitted to testify on cross-examination that he had Gomez in jail some time before that for burglary, that Gomez had had some more mix-up, and that they found some stolen goods in his house. Appellant bases error upon this; its contention being that the purpose and effect of this evidence was to impeach and discredit the testimony of Gomez before it was given, and that its reception violates in several particulars the rule governing the impeachment of witnesses. This is true, and it would merit serious consideration, were it not for the fact that in the deposition itself Gomez testified that he spent eight months in jail charged with burglary; that he was later arrested

25 Ariz.—8

for larceny (of the certificate), and at his preliminary hearing testified that he never cashed the check (certificate) at all, that he told the county attorney he never cashed it, and that he denied it because he "did not know how the business was." He had already testified in the same deposition that Perez indorsed the certificate in his own handwriting on October 29th, and handed it to him the same day, with the request that he do him (Perez) the favor to cash it at the bank, that he did so on October 30th, and on that day turned over to Perez the $612 given him by the bank.

The fact that he had been arrested for burglary and remained for a number of months in jail came to the knowledge of the jury through his deposition as well as through the testimony objected to, and the statement that he had some more mix-up is too indefinite to have received serious consideration from the jury. The admission that he swore falsely at the preliminary hearing regarding the cashing of the certificate because he "did not know how the business was," considered in the light of all the facts then in evidence, placed him in such a position before the jury that the testimony complained of could have had but little, if any, effect in discrediting him as a witness. It justified a disbelief in his deposition altogether, except where it was corroborated by other credible testimony, for "if the discrepancies in the statements of a witness were of such a character as to satisfy the jury that he was unworthy of belief, they were at liberty to disregard the whole of his testimony, except as corroborated by other witnesses." *Blotcky et al.* v. *Caplan et al.,* 91 Iowa, 352, 59 N. W. 204. Having confessed that he perjured himself at a preliminary hearing growing out of the same transaction, the receiving in evidence of the statement regarding the finding of stolen goods in his house, the only important testimony objected to not appearing in the depo-

sition itself, but which alone did not establish larceny, an offense under the statute of less gravity than perjury, did not, in view of the entire record, constitute reversible error.

The judgment is affirmed.

ROSS and LYMAN, JJ., concur.